**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**_MACON DIVISION**

| | | |
|---|---|---|
| **RONTERIOUS NAPIER,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **V.** | : | **NO. 5:25-cv-00412-MTT-CHW** |
| | : | |
| **MATTHEW L. MOULTON,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## <u>ORDER OF DISMISSAL</u>

Petitioner Ronterious Napier, a detainee in the Houston County Detention Center in Perry, Georgia, filed a pro se application for a writ of habeas corpus under 28 U.S.C. § 2241.   ECF No. 1.   He also moved for leave to proceed *in forma pauperis* in this action. ECF No. 2.   Thereafter, Petitioner was ordered to either submit the $5.00 filing fee for his petition or file a certificate showing the amount of money or securities he has in any account in the Detention Center.   ECF No. 5.   Petitioner was given fourteen days to comply with the order and was cautioned that his failure to do so may result in the dismissal of this case.   *Id.*

More than fourteen days passed after that order was entered, and Petitioner did not pay the filing fee, submit a certificate, or otherwise respond to the order.   Moreover, the order, which was sent to Petitioner at the Houston County Detention Center, the only address on file for Petitioner, was returned to this Court as undeliverable.   ECF No. 6.   It is Petitioner's responsibility to keep the Court informed as to his current address, and insofar as this Court has no information about his current whereabouts, this case cannot

continue.

Therefore, the United States Magistrate Judge ordered Petitioner to show cause to the Court why this case should not be dismissed based on his failure to comply with the order to pay the fee or file a certificate and his failure to keep this Court apprised of his current address. ECF No. 7. Petitioner was given fourteen days to respond and was cautioned that his failure to do so was likely to result in the dismissal of this case. *Id.*

More than fourteen days have passed since that order was entered, and Petitioner has not responded. Additionally, the order has also been returned to the Court as undeliverable. ECF No. 8. Therefore, because Petitioner has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 18th day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

2